IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| RICHARD R. KIMBALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 13-0851-CV-W-ODS |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AND OPINION AFFIRMING
## COMMISSIONER'S FINAL DECISION DENYING BENEFITS

Pending is Plaintiff's appeal of the Commissioner of Social Security's final decision denying his application for disability and SSI benefits. The Commissioner's decision is affirmed.

"[R]eview of the Secretary's decision [is limited] to a determination whether the decision is supported by substantial evidence on the record as a whole. Substantial evidence is evidence which reasonable minds would accept as adequate to support the Secretary's conclusion. [The Court] will not reverse a decision simply because some evidence may support the opposite conclusion." Mitchell v. Shalala, 25 F.3d 712, 714 (8th Cir. 1994) (citations omitted). Though advantageous to the Commissioner, this standard also requires that the Court consider evidence that fairly detracts from the final decision. Forsythe v. Sullivan, 926 F.2d 774, 775 (8th Cir. 1991) (citing Hutsell v. Sullivan, 892 F.2d 747, 749 (8th Cir. 1989)). Substantial evidence means "more than a mere scintilla" of evidence; rather, it is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. Gragg v. Astrue, 615 F.3d 932, 938 (8th Cir. 2010).

The ALJ found Plaintiff retained the residual functional capacity ("RFC") "to perform light work . . . in that he can frequently lift up to 10 pounds, occasionally lift up to 20 pounds, stand and/or walk for up to six hours in an 8-hour workday, and sit for up to six hours in an 8-hour workday with normal breaks." The ALJ's RFC finding further

limited Plaintiff's ability to perform light work in a variety of ways. As relevant to the issues raised, the ALJ determined Plaintiff "needs to alternate sitting/standing at least every 45 minutes. . . . He needs an assistive device only for uneven terrain and prolonged ambulation." R. at 15. The assistive device referenced was a cane.

The ALJ presented this RFC to the vocational expert ("VE") in a series of questions, with each one building on those asked previously. First, the ALJ described the RFC *except* those portions related to the sit/stand option and the need to use a cane. The VE testified that a person with this RFC could not perform Plaintiff's past relevant work but could work as a cashier, small parts production assembler, or plastic hospital products assembler. R. at 60-62. The ALJ then added the requirement that the person would "need to alternate between sitting and standing at least every 45 minutes." The VE testified that this addition would not change her testimony or alter the number of jobs available. R. at 62. The ALJ then added the requirement that the person "would need to use a handheld assistive device for uneven terrain and prolonged ambulation." The VE testified that this limitation did not alter her testimony, explaining that the three jobs she identified "are primarily performed in place and really would not require much ambulation or moving around the workplace . . . ." R. at 62. Based on the VE's testimony, the ALJ concluded Plaintiff could not perform his past relevant work but could work as a cashier, small parts production assembler, or plastic hospital products assembler.

### A.

Plaintiff first presents several arguments contending the RFC is vague or legally insufficient. The Court rejects all of them.

Plaintiff first points out that a limitation on the ability to sit or stand affects a person's ability to perform the full range of sedentary or light work. This observation is correct, but this only means the ALJ cannot rely upon the Medical-Vocational Guidelines and instead must elicit testimony from a VE. This is what the ALJ did.

Plaintiff augments this argument by insisting that the frequency of the claimant's need to alternate between sitting and standing must be specific. Cf. Social Security

2

Ruling 96-9p. The ALJ was specific: he found Plaintiff required the flexibility to alternate between sitting and standing every forty-five minutes. Plaintiff's argument that this is insufficiently specific because there is no further explanation makes no sense. The RFC's terms refute Plaintiff's entire contention.

Plaintiff's next argument focuses on the RFC's provision that he needs to use cane when engaged in "prolonged ambulation." He contends the phrase "prolonged ambulation" is impermissibly vague. On this Record, the Court disagrees. First, the VE was able to understand the phrase. Second, the VE's testimony makes clear that it does not make any difference how much ambulation qualifies as "prolonged" because the jobs she identified "are primarily performed in place and really would not require much ambulation or moving around . . . ." R. at 62.

Plaintiff's final argument is related to the second: he contends that because he must use a cane when engaged in "prolonged ambulation" he cannot also use his hands – a fact not accounted for in the RFC. This argument is also defeated by the VE's testimony that the jobs identified do not require Plaintiff to engage in prolonged ambulation. Given that Plaintiff can perform these jobs without walking (and, hence, can perform these jobs without needing to use his cane), there are no derivative limitations arising from the fact that he needs a cane to walk long distances.

## B.

Plaintiff next attacks the ALJ's RFC determination, contending that the portions related to his ability to stand and walk are not supported by substantial evidence in the Record as a whole. To support this argument, Plaintiff relies on his subjective complaints and observations from some doctors about his gait. In response, the Commissioner points to the ALJ's findings regarding Plaintiff's credibility and the reliability of the aforementioned observations. Plaintiff urgently contends these findings are irrelevant, Plaintiff's Reply Brief at 3, but clearly they are not.

The ALJ discounted Plaintiff's credibility because (1) objective medical evidence did not support the extent of his claimed pain and difficulties, R. at 16-18, (2) Plaintiff was advised losing weight would help alleviate his problems, but Plaintiff did not follow

this medical advice, R. at 17, 762-63, (3) Plaintiff worked part-time after his alleged onset date which; while not qualifying as substantial gainful activity, the nature of this work contradicted Plaintiff's claimed limitations, R. at 18, (4) Plaintiff sought and obtained unemployment benefits, and as recently as two weeks before the hearing was still looking for work, R. at 18, 38-39, (5) Plaintiff reported being able to shovel snow, help someone move, and drive, R. at 18, and (6) at least one doctor report indicated Plaintiff was exaggerating his symptoms. R. at 17, 518. Plaintiff does not contest these findings specifically or the ALJ's credibility determination generally. These findings justify the ALJ's factual finding that rejected Plaintiff's subjective complaints. These findings – particularly the medical records referenced therein – also constitute substantial evidence justifying the ALJ's decision to reject the medical reports indicating more serious limitations on Plaintiff's ability to stand and walk. In particular, the ALJ was entitled to rely on the medical reports indicating he had no such limitations.

## C.

The Commissioner's final decision is affirmed because it supported by substantial evidence in the Record as a whole and there are no fatal ambiguities in the ALJ's RFC finding.

IT IS SO ORDERED.

DATE: November 25, 2014

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT

4